**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br><br>Blackjewel, L.L.C., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-bk-30289<br><br>(Jointly Administered) |
| In re:<br><br>Dominion Coal Corporation,<br><br>Debtor.<br><br>FEIN: 54-0572957 | Chapter 11<br><br>Case No. 19-bk-30323<br><br>(Joint Administration Requested) |
| In re:<br><br>Harold Keene Coal Co. LLC,<br><br>Debtor.<br><br>FEIN: 54-1296749 | Chapter 11<br><br>Case No. 19-bk-30324<br><br>(Joint Administration Requested) |
| In re:<br><br>Vansant Coal Corporation,<br><br>Debtor.<br><br>FEIN: 54-0572785 | Chapter 11<br><br>Case No. 19-bk-30325<br><br>(Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Initial Debtors: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908) and Revelation Energy, LLC (4605). New Debtors: Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024) and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

1

| | |
|---|---|
| In re:<br><br>Lone Mountain Processing, LLC,<br><br>　　　Debtor.<br><br>FEIN: 43-1580457 | ) Chapter 11<br>)<br>) Case No. 19-bk-30326<br>)<br>) (Joint Administration Requested)<br>)<br>) |
| In re:<br><br>Powell Mountain Energy, LLC,<br><br>　　　Debtor.<br><br>FEIN: 30-0461024 | ) Chapter 11<br>)<br>) Case No. 19-bk-30327<br>)<br>) (Joint Administration Requested)<br>)<br>) |
| In re:<br><br>Cumberland River Coal, LLC,<br><br>　　　Debtor.<br><br>FEIN: 43-1522213 | ) Chapter 11<br>)<br>) Case No. 19-bk-30328<br>)<br>) (Joint Administration Requested)<br>)<br>) |

**DEBTORS' SUPPLEMENTAL MOTION FOR AN ORDER
AUTHORIZING JOINT ADMINISTRATION OF ADDITIONAL CHAPTER 11
CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1(b)**

Blackjewel, L.L.C., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby move this Court, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 1015-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of West Virginia (the "Local Rules"), for entry of an order authorizing joint administration of six (6) newly-filed chapter 11 cases (the "New Cases"), which were filed contemporaneously herewith, with their five initially-filed chapter 11 cases (the "Original Cases"), which were ordered to be jointly administered by the Court on July 3, 2019 [Docket No. 60] (the "Joint Administration Order"). In support of this motion, the Debtors respectfully state as follows:

2

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b), and the Debtors consent to entry of a final order by the Court in connection with this motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1(b).

**BACKGROUND**

5. On July 1, 2019 (the "Petition Date"), each of Debtors Blackjewel, L.L.C.; Blackjewel Holdings L.L.C.; Revelation Energy Holdings, LLC; Revelation Management Corporation and Revelation Energy, LLC filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 3, 2019, the Court entered the Joint Administration Order.

6. On July 3, 2019, the Office of the United States Trustee for Region 4, the District of West Virginia (the "U.S. Trustee"), appointed an official committee of unsecured creditors [Docket No. 46] (the "Creditors' Committee"). As of the date hereof, no party has requested the appointment of a trustee or an examiner in these chapter 11 cases.

7. The Debtors in the New Cases have no employees, are not producing coal and generally are not operating. Generally speaking, these Debtors merely hold certain assets such as

mining permits and licenses that are related to or necessary for the operations conducted by Debtor Blackjewel, L.L.C. Given the urgency surrounding the filing of the Original Cases, there was not sufficient time to prepare the filing of the New Cases.

8. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Jeff A. Hoops, Sr. in Support of Chapter 11 Filings and First-Day Motions* (the "First Day Declaration") [Doc. No. 14].[2]

## RELIEF REQUESTED

9. By this motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, directing (a) the consolidation and joint administration of the Debtors' New Cases with the Original Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b); (b) the use of single case docket and Bankruptcy Rule 2002 notice list in these cases; and (c) the use of a consolidated case caption, all as set forth in greater detail below.

10. The Debtors further request that the Court approve and require for use on all documents filed and entered in the jointly administered cases the following consolidated case caption:

[*Remainder of Page Intentionally Left Blank*]

---

[2] Mr. Hoops resigned his positions as officer and director of each of the Debtors on July 3, 2019 and is no longer involved in the management of the Debtors or their businesses.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-bk-30289 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024) and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

11. The Debtors also seek the Court's directive that a separate docket entry be made on the docket of each of the Debtors' New Cases, substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024) and Cumberland River Coal LLC (2213). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of Blackjewel, L.L.C. – Case No. 19-bk-30289.

**BASIS FOR RELIEF REQUESTED**

12. Bankruptcy Rule 1015(b) allows the Court to order joint administration "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate."

Fed. R. Bankr. P. 1015(b).  Moreover, Local Rule 1015-1 also permits joint administration of cases if it "will ease the administrative burden for the Court and the parties."  Local Rule 1015-1(b).

13. The Debtors are "affiliates" as that term is defined in 11 U.S.C. § 101(2).  Also, joint administration will eliminate the need to draft, replicate, file, and serve duplicative notices, applications, and orders and will, therefore, save the Debtors and their estates considerable time and expense.  Joint administration will allow the Office of the Clerk of the United States Bankruptcy Court for the Southern District of West Virginia (the "Clerk" or the "Clerk's Office") to use a single docket for each of the chapter 11 cases and enable the Clerk to combine notices to creditors and parties in interest in the Debtors' respective chapter 11 cases, relieve the Clerk from entering duplicative orders and relieve the Clerk from maintaining duplicative files and dockets.

14. Joint administration will also benefit the United States Trustee's Office and other parties in interest by sparing them the time and expense associated with reviewing duplicative pleadings and papers and enabling them to stay apprised of all the various matters before the Court.

15. Numerous motions, applications and other pleadings are expected to continue to be filed in the chapter 11 cases that will affect each of the Debtors.  Joint administration will allow counsel to the various parties in interest to use a single caption for the many pleadings that will be filed and served in the chapter 11 cases.

16. Joint administration will not adversely affect the rights of any of the Debtors' creditors or other parties in interest because this motion seeks the consolidation of the Debtors' estates for procedural purposes only.  Moreover, the New Cases are not operating companies.  Instead, these subsidiaries are either dormant companies with limited assets or permit holders that were not filed on the Petition Date with the Original Cases due to the expedited nature of filing

6

these chapter 11 cases. This motion does not seek substantive consolidation. Accordingly, each creditor may still file its claim against a particular Debtor's estate.

17.  The Debtors will also realize substantial cost savings and reduced administrative burdens by sending a single set of notices to a single creditor matrix and Bankruptcy Rule 2002 list, as opposed to utilizing multiple sets of notices to multiple notice lists. Joint administration will simplify all aspects of the administration of the above-captioned cases and result in substantial cost savings to the Debtors and other parties in interest.

18.  For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interest of the Debtors, their creditors and their estates and that the motion should therefore be granted.

## NOTICE

19.  The Debtors, with the assistance of their proposed claims and noticing agent, will provide notice of this motion by email and/or fax to: (i) the Office of the United States Trustee for the Southern District of West Virginia; (ii) the Debtors' prepetition secured lenders; (iii) the creditors appearing on the Debtors' consolidated list of top 30 unsecured creditors; (iv) the Office of the United States Attorney for the District of West Virginia; (v) the Internal Revenue Service; (vi) any local, state, or federal agencies that regulate the Debtors' businesses, (vii) counsel to Riverstone Credit Partners – Direct, L.P., Bailey & Glasser LLP, (viii) counsel to United Bank, Inc., Steptoe & Johnson PLLC, (ix) counsel to Highbridge Capital Management, LLC and Whitebox Advisors LLC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (x) counsel to Contura Energy, Inc., David Polk & Wardwell LLP, (xi) proposed counsel to The Official Committee of Unsecured Creditors, Whiteford Taylor & Preston, LLP; and (xii) all parties requesting notices

7

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just.

DATED: July 24, 2019                                **SUPPLE LAW OFFICE, PLLC**

By: */s/ Joe M. Supple*
    Joe M. Supple, Bar. No. 8013
    801 Viand St.
    Point Pleasant, WV 25550
    Telephone: 304.675.6249
    Facsimile: 304.675.4372
    joe.supple@supplelaw.net

    – and –

**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Proposed Co-Counsel to the Debtors and Debtors-in-Possession*